**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41742
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK THOMAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:04-CR-7-ALL)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Defendant-Appellant Mark Thomas appeals his conviction and

sentence for making a false statement in a matter within the

jurisdiction of the United States Bureau of Prisons. He contends

that the district court erred by denying his motion to suppress;

that the evidence was not sufficient to support his conviction; and

that the district court erred in its application of U.S.S.G. §

3A1.2(a). He also asserts for the first time on appeal, that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence runs afoul of United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

Motion to Suppress

Thomas filed a motion to suppress inculpatory statements he made following a polygraph examination and interview with Department of Justice Special Agent William Senter. After a suppression hearing during which both Thomas and Senter testified, the district court denied the motion, rejecting as not credible Thomas's assertions that Senter threatened and coerced him into making the statements.

We review the voluntariness of a confession de novo, but we review the district court's factual findings underlying a voluntariness determination for clear error. United States v. Bell, 367 F.3d 452, 460-61 (5th Cir. 2004). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witness." United States v. Santiago, 410 F.3d 193, 197 (5th Cir. 2005).

Although on appeal Thomas reiterates his self-serving allegations of coercion and threats, he has failed to show that the court clearly erred in finding his allegations of coercion and threats not credible. See Santiago, 410 F.3d at 197. Accordingly, the denial of the motion to suppress was not error. See Bell, 367 F.3d at 460-61.

<u>Sufficiency of the evidence</u>

Thomas insists that the evidence was insufficient to support his conviction. He argues that the government did not prove that he acted willfully, asserting that he did not know that it was unlawful to make "such a false statement." He also argues that the government did not prove that the matter was within the jurisdiction of a branch of the United States Government.

Thomas moved for a judgment of acquittal at the close of the government's case and renewed that motion at the close of all the evidence. We review the denial of such motions <u>de novo</u>. <u>See</u> <u>United States v. Wise</u>, 221 F.3d 140, 147 (5th Cir. 2000). In doing so, we view the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury. <u>Id.</u> We shall uphold the conviction if a reasonable factfinder could have found that the government proved the essential elements of the offense beyond a reasonable doubt. <u>Id.</u>

A violation of 18 U.S.C. § 1001(a)(2) is committed by knowingly making a materially false statement or representation in any matter within the jurisdiction of the United States Government. <u>See</u> § 1001(a)(2). It is not necessary that the false statement pervert a governmental function. <u>United States v. Rodriguez-Rios</u>, 14 F.3d 1040, 1045 (5th Cir. 1994)(en banc). The willfulness requirement demands only that the defendant "act [] with knowledge

3

that his conduct was unlawful." Id. at 1048 n.21 (internal quotations and citation omitted).

The indictment charged that the matter was within the executive branch of the government, "to-wit: the United States Bureau of Prisons." The evidence adduced at trial showed that Officer Comstock was a staff member with the Bureau of Prisons (BOP) and that the matter was investigated both by the BOP and the Department of Justice. The BOP is an agency of the Department of Justice, which is within the executive branch of the government. See United States v. Bourgeois, 423 F.3d 501, 508 (5th Cir. 2005). Thomas's false statement against Comstock contained his acknowledgment that "I have been informed that it is a violation of federal law to provide false information to federal agents." Thomas indicated that he acted purposefully in making the statement. The evidence is sufficient to establish that Thomas acted with the knowledge that he was violating federal law by providing false information to federal agents. See Rodriguez-Rios, 14 F.3d at 1048 n.21.

Application of § 3A1.2(a)

Thomas contends that the district court erred by increasing his base offense level by three levels under U.S.S.G. § 3A1.2(a) based on Officer Comstock's status as an "official victim." He argues that in a prosecution for false statements, the victim is the federal government and that, because Comstock did not suffer any adverse consequences as a result of the false statements, she

4

should not be considered a victim. He also argues, for the first time on appeal, that his actions were not motivated by Comstock's official status. We review the sentencing court's interpretation and application of the guidelines de novo, and that court's findings of fact for clear error. United States v. Burns, 162 F.3d 840, 854 (5th Cir. 1998); see United States v. Villegas, 404 F.3d 355, 359 (2005)(standards of review remain unchanged after Booker).

Section 3A1.2(a) provides that if the victim was a government officer or employee and the offense of conviction was motivated by such status, the defendant's offense level is increased by three levels. The adjustment does not apply when the victim is an organization, agency, or the government. § 3A1.2, comment. (n.1). A "victim" is a "person who is directly and most seriously affected by the offense." § 3D1.2, comment. (n.2)(grouping of counts).

Several investigations into the matter were launched. As Comstock was forced to answer Thomas's false charges, she was a victim of the offense. Accordingly, the district court did not err in concluding that Comstock was a victim of the offense. See United States v. Kirkham, 195 F.3d 126, 133 (2d Cir. 1999).

We review for plain error Thomas's assertion that § 3A1.2 was inapplicable because he was not motivated by Comstock's official status. Villegas, 404 F.3d at 358. Thomas acknowledged making the allegations because he felt that Comstock did not perform her duties as a prison official. The district court's application of § 3A1.2 was not error, plain or otherwise.

Booker Error

Thomas claims that his sentence was imposed in violation of the precedent established in Booker, 125 S. Ct. at 738. He argues that the facts established at trial could have resulted in an advisory sentencing range of only 12 to 18 months of imprisonment. He also argues that he must be resentenced under an advisory guidelines regime. In Booker, 125 S. Ct. at 756, the Supreme Court held that under the Sixth Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The Court also excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, effectively rendering the guidelines as advisory only. Id. at 764-65. As Thomas failed to raise a challenge to the application of the guidelines to his sentence in the district court, our review is for plain error only. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

When a sentencing court imposes sentencing adjustments based on facts exceeding those admitted by the defendant or encompassed in the judgment of conviction, the first two prongs of the plain-error standard are met. Mares, 402 F.3d at 521. Similarly, application of the guidelines in their mandatory form constitutes error that is plain. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267. A defendant

6

must nevertheless demonstrate that the court's errors affected the outcome of the proceedings.  See id.

In the context of his Booker claim, Thomas must establish that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result."  See Mares, 402 F.3d at 521.  In the context of his challenge to the mandatory application of the guidelines, Thomas must "demonstrate a probability sufficient to undermine confidence in the outcome" of the sentencing proceedings.  See Valenzuela-Quevedo, 407 F.3d at 733 (internal quotations and citation omitted).

Thomas has not met these burdens.  At the sentencing hearing, the court noted the seriousness of the offense and Thomas's lengthy criminal record.  The court found that Thomas's 16 felony convictions in 19 years indicated a "difficulty in reforming." Thomas has pointed to nothing that indicates any likelihood that he would have received a significantly lesser sentence.  Neither has he demonstrated that his sentencing would undermine confidence in the process.  As Thomas has not shown that his substantial rights were affected by the district court's error in sentencing, his conviction and his sentence are

AFFIRMED.