United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40325
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARTINDALE F MCLYMONT

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-378
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Martindale F. McLymont appeals his sentence of 18 months of imprisonment imposed after he pleaded guilty to failure to appear in violation of 18 U.S.C. § 3146. McLymont also pleaded guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and he was sentenced to a consecutive term of 60 months of imprisonment for that crime.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McLymont argues that the district court erred in following the grouping instructions for calculation of his guidelines range of imprisonment set forth in the commentary to U.S.S.G. § 2J1.6. McLymont did not object on this basis in the district court, and our review is only for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

In 1996, we held that a district court did not err in refusing to follow the grouping instructions in the commentary to § 2J1.6 because those instructions were unlawful. United States v. Packer, 70 F.3d 357, 359-61 (5th Cir. 1996); see also Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute . . . ."). Other circuits disagreed. See United States v. Gigley, 213 F.3d 503, 506 n.2 (10th 2000) (collecting cases).

Since our decision in Packer, the application note to § 2J1.6 was amended, but this has only confused the issue further. While a sister circuit has claimed that the amendment "definitely resolve[d] the previous conflict among circuits regarding the grouping of failure to appear convictions," United States v. Kirkham, 195 F.3d 126, 133 (2d Cir. 1999) (dictum), at least one appellate judge has argued that the amendment "does nothing to remedy the inherent conflict" over the propriety of the grouping instructions in the § 2J1.6 commentary. United States v. Gigley, 213 F.3d 503, 509 (10th Cir. 2000) (Henry, J.,

dissenting in part).  This court has held in an unpublished opinion that a district court committed plain error by failing to follow the grouping method set forth in the application note as amended in 1998, but the opinion makes no mention of Packer or the 1998 amendment.  United States v. Posey, No. 99-10175, 1999 WL 824519, at *1 (5th Cir. Oct. 1, 1999) (unpublished); cf. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) ("[O]ne panel of this court cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decisions of the Supreme Court or by the Fifth Circuit sitting *en banc*.").

Given that the second step in plain error review requires "determin[ing] whether the error was 'clear and obvious' under the law as it exists at the time of the appeal," United States v. Avants, 278 F.3d 510, 521 (5th Cir. 2002), McLymont cannot overcome the confusion that now exists regarding the lawfulness of the grouping instructions in the § 2J1.6 commentary to establish that the district court's error was "clear and obvious" -- if the district court erred at all.  Mares, 402 F.3d at 520.

After the briefs were filed, McLymont filed a pro se motion in this court asking that his appointed counsel be relieved and requesting leave to file a pro se brief.  This court has held that once an appellate brief has been filed, it is too late for a defendant to file a motion to relieve counsel on appeal.  See

United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998).

Because McLymont's motion is untimely, it is DENIED.

AFFIRMED; PRO SE MOTION DENIED.