07-1252-cr
USA v. Lluberes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:   PIERRE N. LEVAL,
           ROBERT A. KATZMANN,
           BARRINGTON D. PARKER,
                         *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

                 - v -                          No. 07-1252-cr

EDUARDO LLUBERES,

                 *Defendant-Appellant.*

_____

For Defendant-Appellant:          Arza Feldman, Steven A. Feldman, Feldman & Feldman, Uniondale, N.Y.

For Appellee:                     Christopher L. LaVigne, Celeste L. Koeleveld, Andrew L. Fish, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Chin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-appellant Eduardo Lluberes appeals from two judgments of the United States District Court for the Southern District of New York (Chin, *J.*), entered March 22, 2007, (1) convicting defendant, following a jury verdict, of possessing with intent to distribute and conspiring to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 ("the Narcotics Conviction"), and (2) convicting defendant, following his entry of a plea of guilty, of one count of bail jumping in violation of 18 U.S.C. § 3146 ("the Bail Jumping Conviction"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

At the outset, the government argues that, under the fugitive disentitlement doctrine, we should decline to entertain defendant's challenges to the Narcotics Conviction because defendant intentionally fled during the pendency of his narcotics trial and was not apprehended until approximately 15 years later. Under that doctrine, we have the "discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice." *United States v. Morgan*, 254 F.3d 424, 426 (2d Cir. 2001) (per curiam) (quoting *United States v. Bravo*, 10 F.3d 79, 83 (2d Cir. 1993)). Where, as here, a defendant became a fugitive while his case was pending in the district court, the doctrine is properly invoked so long as there is "some connection between a defendant's [prior] fugitive status and his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993).

2

Here, it is patent that defendant's prior fugitive status had a sufficiently adverse impact on the appellate process to warrant this sanction because the passage of over twenty years since defendant's trial makes it extremely likely that "the Government would be prejudiced in locating witnesses and presenting evidence at retrial after a successful appeal." *Ortega-Rodriguez*, 507 U.S. at 249. Even assuming that the government's witnesses could be found and produced at a retrial, their memories of the details concerning a drug transaction that occurred over twenty years ago would undoubtedly have faded. *See Bravo*, 10 F.3d at 82-85 (affirming the district court's application of the fugitive disentitlement doctrine for this reason, among others). Accordingly, we decline to reach defendant's challenges to the Narcotics Conviction, and affirm that portion of the district court's judgment.

Defendant also challenges several aspects of the district court's sentence. He principally contends that the district court erred in calculating the applicable Guidelines range. The record makes clear, however, that the district court properly treated defendant's failure to appear as an obstruction of justice with respect to the underlying offenses, grouped the offenses together in order to determine the applicable Guidelines range, and apportioned the total sentence selected between the offenses, imposing consecutive terms of imprisonment. *United States v. Kirkham*, 195 F.3d 126, 131-32 (2d Cir. 1999); *see* U.S.S.G. § 2J1.6, cmt., application n. 3 (2009). The resulting sentence did not in any way result in impermissible "double counting." *See United States v. Maloney*, 406 F.3d 149, 152-53 (2d Cir. 2005).

Defendant also argues that the district court improperly viewed the Guidelines as mandatory and failed to consider any of the § 3553(a) factors. The district court unequivocally stated in open court, however, that it could consider defendant's alleged cooperation in deciding

3

"whether to go below the [Guidelines] range," 1/9/07 Tr. at 14-15, thus plainly demonstrating that the court properly treated the Guidelines as advisory. Moreover, we "'presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors' enumerated in § 3553(a)." *United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007) (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006)). Here, nothing in the record here indicates that the district court ignored the statutory factors; to the contrary, the court explicitly stated that it had done so. To the extent that defendant argues that his sentence was substantively unreasonable, the record plainly indicates that defendant's sentence falls well "within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Finally, defendant correctly argues that the district court erred in imposing a $100 mandatory special assessment on each of the two counts in the Narcotics Conviction. The government concedes this point, and we accordingly remand this case to the district court with instructions to reduce the special assessment on the Narcotics Conviction to $100.

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgments of the district court are **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK