# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2020

Lyle W. Cayce
Clerk

No. 19-40586
consolidated with 19-40588

United States of America,

*Plaintiff—Appellee*,

*versus*

Rene Izaguirre,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-689-1
USDC No. 1:12-CR-1043-1

Before Owen, *Chief Judge*, and Dennis and Haynes, *Circuit Judges*.
Priscilla R. Owen, *Chief Judge*:

Rene Izaguirre was convicted for a drug trafficking offense but failed to appear for sentencing. He was subsequently apprehended and convicted separately for failing to appear. A single sentencing hearing was conducted, and Izaguirre was sentenced to 108 months in prison for the drug offense and to a consecutive term of 108 months in prison for failing to appear at his original sentencing hearing. He contends that the district court procedurally

erred in arriving upon the sentence for failure to appear.  We vacate the sentence in its entirety and remand for resentencing.

## I

In January of 2013, Rene Izaguirre pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana.  Five weeks before his sentencing hearing was to occur, he removed a location monitoring device, absconded, and was a fugitive for five years until he was arrested for another drug trafficking offense.  He thereafter pleaded guilty to failing to appear in violation of 18 U.S.C. § 3146(a)(1).  The district court held a hearing at which Izaguirre was sentenced for both offenses.

The Presentence Investigative Report (PSR) grouped the drug and the failure-to-appear offenses, treating the failure-to-appear offense as an obstruction of justice adjustment to the underlying drug conviction, citing §§ 3D1.2(c), 5G1.2, and 2J1.6 comment (Note 3) of the Guidelines.[1]  The PSR calculated an advisory guidelines range of 210 to 262 months of imprisonment as to Izaguirre's drug conviction in accordance with the U.S. Sentencing Guidelines Manual (2018).  However, the Government had entered into an agreement and stipulation with Izaguirre when he pleaded guilty to the drug offense and advised the district court that it would honor that agreement.  The district court gave effect to the agreement and stipulation, resulting in a Guidelines range of 108 to 135 months of imprisonment for the drug offense.  The PSR advised that "the Court must impose a sentence on the underlying offense and a consecutive sentence on the Failure to Appear offense, that taken together, reach a specific point

---

[1] *See* U.S. Sentencing Guidelines Manual §§ 3D1.2(c), 5G1.2, 2J1.6 cmt. n.3 (U.S. Sentencing Comm'n 2018).

within the guideline range that results in a total punishment for both cases."

The Government correctly informed the court at the sentencing hearing that any sentence as to the failure-to-appear conviction was statutorily required to run consecutively with any sentence imposed as to Izaguirre's drug conviction.[2] However, the Government mistakenly advised the court that a second, additional advisory guidelines range of 108 to 135 months of imprisonment applied to the failure-to-appear conviction, capped by the 120-month statutory maximum penalty applicable to that offense. When the district court sought comments from defense counsel and the probation officer as to the accuracy of the Government's assertions, they agreed with the Government's assessment. The district court then concluded that the advisory guidelines range as to the failure-to-appear conviction was 108 to 120 months of imprisonment. The record indicates that all parties understood this range to be an additional, consecutive punishment range to the range previously calculated for Izaguirre's underlying drug offense.

Thereafter, the court heard arguments from the parties and permitted Izaguirre to allocute. The court imposed a 108-months' sentence as to Izaguirre's underlying drug offense, as recommended by the Government. The court then imposed a consecutive 108-months' sentence for Izaguirre's failure-to-appear conviction.

Izaguirre filed a notice of appeal as to both judgments, which we consolidated for purposes of appeal. His brief, however, challenges only the sentence for his failure-to-appear conviction.

---

[2] *See* 18 U.S.C. § 3146(b)(2).

No. 19-40586

## II

Izaguirre maintains that the district court procedurally erred in calculating the advisory guidelines range applicable to his failure-to-appear conviction.[3]  Because Izaguirre did not object to the advisory guidelines calculation during sentencing, his contentions are subject to plain error review on appeal.[4]  To prevail, he "must show (1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5]

In analyzing whether there was an error, we must first determine whether our decision in *United States v. Packer* remains authoritative.[6]  We held in that case that the district court did not err in *failing* to group a failure-to-appear offense with the underlying offense as contemplated by § 2J1.6 of the Guidelines, including specifically Note 3 in the commentary to that section.  Our holding was based on the conclusion that this Guidelines provision conflicted with 18 U.S.C. § 3146.  We reasoned that applying this section of the Guidelines "would defeat the statutory intent that a failure to appear offense be considered separate and distinct from the underlying offenses, warranting a separate and distinct penalty."[7]

The Sentencing Commission amended Note 3 in 1998, at least

---

[3] *See Gall v. United States*, 552 U.S. 38, 51 (2007) (noting that district courts commit "significant procedural error" when they "fail[] to calculate (or improperly calculat[e]) the [g]uidelines range").

[4] *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

[5] *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Mendoza–Velasquez*, 847 F.3d 209, 212 (5th Cir. 2017)).

[6] 70 F.3d 357, 359-60 (5th Cir. 1995).

[7] *Id.* at 360.

partially in response to our analysis in *Packer*.[8]  It is clear from Amendment 579 that the Commission intended the revisions to the commentary to § 2J1.6 to result in rulings different from our holding in *Packer*.  Amendment 579 stressed no less than three times in the "Reason for Amendment" section that the amendment's purpose was "to ensure an incremental, consecutive penalty for a failure to appear count."[9]  Among other revisions, Note 3 to the commentary to § 2J1.6 was amended to add the following sentence, in a parenthetical: "(Note that the combination of this instruction and increasing the offense level for the obstructive, failure to appear conduct has the effect of ensuring an incremental, consecutive punishment for the failure to appear count,   as   required   by   18   U.S.C.   § 3146(b)(2).)."      Corresponding amendments were made to other Guidelines sections.

We   conclude   that   the   amendments,   including   those   to   the commentary to § 2J1.6, make sufficiently clear that, though a failure-to-appear-for-sentencing offense is grouped with an underlying offense for purposes of sentencing, the failure-to-appear offense remains a separate

---

[8] U.S. Sentencing Guidelines Manual app. C, amend. 579, at 7-12 (U.S. Sentencing Comm'n 1998) ("The purpose of this amendment is to clarify how several guideline provisions, including those on grouping multiple counts of conviction, work together to ensure an incremental, consecutive penalty for a failure to appear count. This amendment addresses a circuit conflict regarding whether the guideline procedure of grouping the failure to appear count of conviction with the count of conviction for the underlying offense violates the statutory mandate of imposing a consecutive sentence. *Compare United States v. Agoro*, 996 F.2d 1288 (1st Cir. 1993) (grouping rules apply), *and United States v. Flores*, No. 93-3771, 1994 WL 163766 (6th Cir. May 2, 1994) (unpublished) (same), *with United States v. Packer*, 70 F.3d 357 (5th Cir. 1995) (grouping rules defeat statutory purposes of 18 U.S.C. § 3146), *cert. denied*, 117 S. Ct. 75 (1996).").

[9] *Id.* at 11; *see also id.* at 11-12 (asserting that the amendment "explains how the guideline provisions work together to ensure an incremental, consecutive penalty for the failure to appear count," and "the amendment . . . states that the method outlined for determining a sentence for failure to appear and similar statutes ensures an incremental, consecutive punishment").

offense, and an incremental, consecutive punishment for the failure to appear in court is applied under the Guidelines.[10]  That is achieved, at a minimum, by the increase in the offense level as a result of the failure-to-appear conviction and by requiring the sentencing court to specify a term of imprisonment, if imprisonment is imposed, within the "total punishment" that is punishment specifically for the failure to appear in court and that is consecutive to the punishment for the underlying offense.  We are in accord with the Second Circuit in our construction of Amendment 579.[11]

Our conclusion is also consistent with *United States v. Posey*, an unpublished opinion that addressed Note 3 shortly after it was amended.[12]  A panel of this court held that a district court plainly erred in not grouping a defendant's failure-to-appear conviction with his underlying conviction.

We recognize that another unpublished decision of our court was of the view that the amendments to the commentary to § 2J1.6 "only confused the issue further."[13]  But the holding of that opinion was that the district court's decision to apply the grouping methodology did not amount to reversible, plain error.[14]  We disagree that Amendment 579 further confused

---

[10] *See also United States v. Kirkham*, 195 F.3d 126, 133 (2d Cir. 1999) (concluding that "the 1998 Guidelines . . . definitely resolve the previous conflict among the circuits regarding the grouping of failure to appear convictions, see U.S.S.G. Supplement to App. C, Amendment 579 (1998) (citing circuit conflict), and which also resolve that Kirkham's failure to appear count should be grouped with his underlying offense").

[11] *See id.*

[12] No. 99-10175, 1999 WL 824519 (5th Cir. Oct. 1, 1999) (per curiam); *see also United States v. Mays*, 770 F. App'x 679, 680 (5th Cir. 2019) (per curiam) (noting that Note 3 of the commentary requires a defendant's failure-to-appear conviction to be grouped with the defendant's underlying convictions).

[13] *United States v. McLymont*, 220 F. App'x 251, 252 (5th Cir. 2007) (per curiam).

[14] *Id.*

whether § 2J1.6 conflicts with 18 U.S.C. § 3146, but in any event, the unpublished opinion's observation in *McLymont* is not binding precedent.

The district court in the present case undertook to group the failure-to-appear offense with the underlying drug offense in accordance with § 3D1.2(c) and § 2J1.6. It was not error to do so. But Izaguirre maintains that the district court erred in concluding that a second advisory sentencing range of 108 to 120 months applied separately to the conviction for failing to appear for sentencing. We turn to that question.

## III

Izaguirre asserts that "[a] violation of 18 U.S.C. § 3146(b)(1)(A) triggers the application of U.S.S.G. § 2J1.6; which, requires that Appellant's base offense level begin at six (6)." This is incorrect. Note 3 in the commentary to § 2J1.6 makes plain how the applicable guidelines range is to be calculated. It clearly provides that in a case involving a failure to appear for sentencing, "the failure to appear is treated under § 3C1.1" and "the grouping rules of §§ 3D1.1–3D1.5 apply."[15] Note 3 does not contemplate the procedure Izaguirre describes. A district court would not be prohibited from making a calculation as if the failure-to-appear-for-sentencing conviction was to be treated under the Guidelines as a standalone offense in order to obtain perspective on the appropriate punishment for failure to appear for sentencing. But such a calculation would play no part in determining the applicable guidelines range under § 3D1.2. The district court did not err in failing to consider what the sentencing range would have been for failure to appear at sentencing had that offense not been grouped with the drug offense.

---

[15] U.S. Sentencing Guidelines Manual § 2J1.6 cmt. n.3 (U.S. Sentencing Comm'n 2018).

We agree with the Seventh Circuit in this regard.[16]

At the sentencing hearing, the Government took the position that the 108 to 135 months' range of imprisonment applied separately to the failure-to-appear offense, but that it was capped by the 120 months' statutory maximum. The Government now concedes on appeal that the district court "erred when it did not consider a 'total punishment.'" The Government asserts, however, that Izaguirre forfeited any argument regarding a "total punishment" by failing to brief the issue adequately. We disagree. Izaguirre's initial brief makes plain that he is challenging the application of a 108 to 120 months' range of imprisonment to the failure-to-appear offense and why.

We agree with the Government that the district court erred in calculating and applying a second, separate 108 to 120 months' advisory guidelines range to the conviction for failure to appear at sentencing. The 108 to 135 months' range calculated on the basis of the agreement and stipulation was the applicable range. The district court was free to impose a sentence greater than 135 months of imprisonment, but it is clear from the record that its decision to impose two, consecutive sentences of 108 months of imprisonment stemmed directly from its misunderstanding of how the applicable advisory Guidelines range was to be determined.

The government mistakenly asserted at the sentencing hearing that the ranges for the two offenses "kind of merge" under the guidelines and was 108 to 120 months of imprisonment. Defense counsel and the probation officer likewise agreed with the government's mistaken assessment. The district court accepted these assurances that the correct range was an additional 108 to 120 months of imprisonment. That error is clear in light of

---

[16] *See United States v. Hallahan*, 756 F.3d 962, 980-81 (7th Cir. 2014).

No. 19-40586

the Guidelines, it affected Izaguirre's substantial rights,[17] and it seriously affected the fairness, integrity, or public reputation of judicial proceedings.[18] Accordingly, we vacate Izaguirre's sentence and remand the case for resentencing. Because the district court committed a plain procedural error in determining the sentence for Izaguirre's failure-to-appear conviction, we do not review the substantive reasonableness of the sentence.[19]

* * * * *

The judgment as to Izaguirre's convictions is AFFIRMED. The sentence is VACATED and the case is REMANDED to the district court for resentencing.

---

[17] *Molina–Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016) ("Where . . . the record is silent as to what the district court might have done had it considered the correct [g]uidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights.").

[18] *See Rosales–Mireles v. United States*, 138 S. Ct. 1897, 1909 & n.4 (2018) (noting that "[i]n the ordinary case, proof of a plain [g]uidelines error that affects the defendant's substantial rights is sufficient to" establish that the "error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" (second alternation in original) (quoting *United States v. Vonn*, 535 U.S. 55, 63 (2002))).

[19] *See United States v. Delgado–Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).