# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2021

Lyle W. Cayce
Clerk

No. 20-11056
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Shawn Travis Paschal,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-34-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Shawn Travis Paschal was sentenced to 78 months of imprisonment followed by 20 years of supervised release after pleading guilty to possession of child pornography involving a prepubescent minor in violation of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11056

18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  The district court imposed a special condition of supervised release that provided:

> [t]he defendant shall have no unsupervised contact with persons under the age of 18, nor shall the defendant loiter near places where children may frequently congregate.  The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or befriend anyone who has children under the age of 18, without prior permission of the probation officer.

On appeal, Paschal contends that the district court erred in (1) prohibiting him from having unsupervised contact with minors for 20 years; (2) prohibiting him from dating or befriending anyone with children; (3) forbidding him for 20 years from loitering near places where children may congregate; and (4) engaging in impermissible judicial factfinding.

Because Paschal did not object to his sentence or the conditions of supervised release when allowed to do so, we review these claims only for plain error.  *See United States v. Dean*, 940 F.3d 888, 890 (5th Cir. 2019).  To demonstrate plain error, a defendant has the burden of showing "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Izaguirre*, 973 F.3d 377, 380 (5th Cir. 2020) (quoting *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017)).

The district court did not plainly err in prohibiting Paschal from having unsupervised contact with minors for 20 years.  Although he argues that the special condition's length renders it overbroad and that the prohibition is plainly erroneous because there is no evidence that he engaged in any sexual abuse or attempted to contact a child for such a purpose, we routinely uphold conditions limiting a defendant's ability to associate with minors, particularly when the conditions are limited in scope and duration.

*See United States v. Duke*, 788 F.3d 392, 401–02 (5th Cir. 2015).  Moreover, because the images involved in this case depicted or suggested children engaging in sexual conduct with adults, limiting unsupervised contact with minors did not overly restrict Paschal's liberty.  *See United States v. Buchanan*, 485 F.3d 274, 288 (5th Cir. 2007).

Likewise, the district court did not plainly err in prohibiting Paschal from dating or befriending anyone with children.  Paschal argues that this provision is overbroad because there is no evidence that he has used an adult relationship to gain access to children and that the condition is vague because it is unclear what constitutes dating or friendship.  While this prohibition may not be related to his offense conduct or his personal history, the prohibition on dating or befriending anyone with children is reasonably related to the need "to advance deterrence, protect the public, and advance [Paschal's] correctional needs."  *See Huor*, 852 F.3d at 398.  Additionally, this provision is not unduly vague because it provides Paschal fair notice of when he must notify and seek approval from his probation officer.  *See United States v. Ellis*, 720 F.3d 220, 227–28 (5th Cir. 2013).

The district court also did not plainly err in prohibiting Paschal from loitering near places where children congregate.  Paschal is unable to demonstrate that the imposition of this prohibition was clearly erroneous because, again, the restriction on his loitering where children congregate is reasonably related to the need "to advance deterrence, protect the public, and advance [Paschal's] correctional needs."  *See Huor*, 852 F.3d at 398.  Moreover, this court has upheld lifetime locational bans even in situations where the defendant did not have a history of targeting children in public places.  *See Ellis*, 720 F.3d at 226.

Finally, the district court did not engage in impermissible judicial factfinding when it relied on the number of images involved in determining

No. 20-11056

Paschal's sentence.  This argument is foreclosed by *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), because the number of images involved here only influenced the judge's judicial discretion and did not alter a mandatory minimum sentence.

Based upon the foregoing, the district court did not err in sentencing Paschal, much less plainly err.  Accordingly, the judgment of the district court is AFFIRMED.