# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 20-50580
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Davidson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-9-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

In this case, Christopher Davidson pleaded guilty to one count of possession of a firearm by a felon. During the same rearraignment hearing, he pleaded guilty to three counts of a separate indictment: one count of conspiracy to possess with intent to distribute, and to distribute, 50 grams or

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50580

more of actual methamphetamine and two counts of distribution of five grams or more of actual methamphetamine. The district court grouped all four counts in calculating his offense level, and he was sentenced on all the counts at the same sentencing hearing.

Davidson argues that the district court erred by grouping his firearm offense with his drug offenses. Because he did not object to the grouping in the district court, plain error review applies. *See United States v. Izaguirre*, 973 F.3d 377, 380 (5th Cir. 2020). Davidson's firearm possession in this case was a specific offense characteristic of his drug offenses, as he received the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on his firearm possession. We have affirmed the § 2D1.1(b)(1) enhancement in Davidson's appeal in No. 20-50579.

As we noted in that appeal, Davidson possessed the firearm near drug paraphernalia in his backpack within the time frame of his drug conspiracy and less than a week after his two distribution offenses. Because Davidson's firearm possession was a specific offense characteristic of his drug offenses, the grouping of his firearm and drug offenses was not plainly erroneous. *See* U.S.S.G. § 3D1.2(c); *United States v. Segler*, 37 F.3d 1131, 1135 & n.8 (5th Cir. 1994); *see also United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007) (recognizing that we may affirm the district court's judgment on any basis supported by the record).

AFFIRMED.