# United States Court of Appeals for the Fifth Circuit

---

No. 22-10967
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Humberto Velazco Larios,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-217-24

---

Before Southwick, Graves, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Jorge Humberto Velazco Larios pled guilty to conspiracy to possess with the intent to distribute a controlled substance, possession with the intent to distribute a controlled substance, and conspiracy to use interstate commerce facilities in the commission of a murder-for-hire. The district court sentenced him to 192 total months of imprisonment, which represented

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a downward variance from his guidelines range of life imprisonment, and to five total years of supervised release. He challenges his sentence.

Velazco Larios contends that his drug offenses should not have been grouped with his murder-for-hire offense to determine his offense level. He asserts that the murder-for-hire offense is excluded from grouping pursuant to U.S.S.G. § 3D1.2(d). His claim, which we review for plain error, *see United States v. Izaguirre*, 973 F.3d 377, 380 (5th Cir. 2020), is misguided. All counts were correctly grouped together because the conduct embodied by the murder-for-hire offense was the basis for an obstruction-of-justice adjustment that applied to the drug counts. *See* § 3D1.2(c)–(d).

Further, Velazco Larios argues he should not have been assessed an adjustment under U.S.S.G. § 2D1.1(b)(2) because no violence occurred, was credibly threatened, or was directed during the course of his drug offenses. However, he offers no basis for his limited interpretation of section 2D1.1(b)(2), and his construction is not supported by section 2D1.1's text or our caselaw. Thus, he has failed to show plain error. *See United States v. Santiago*, 96 F.4th 834, 847 (5th Cir. 2024).

Velazco Larios maintains the district court erred in applying an adjustment under U.S.S.G. § 2D1.1(b)(5) because there was no evidence that the methamphetamine involved was imported. The record established that the methamphetamine was connected to a Mexican-based drug trafficking organization that smuggled methamphetamine across the border and delivered it to conversion labs. Velazco Larios worked at one of the labs, and evidence found at the lab confirmed that there was a nexus between the drugs converted there and foreign sources. The district court did not plainly err. *See United States v. Brune*, 991 F.3d 652, 667 (5th Cir. 2021).

He also argues that the district court's decision to grant a downward variance based upon its policy disagreement with the converted drug weight

calculation for methamphetamine (actual) versus methamphetamine was inconsistent with its decision to overrule his objection to the drug quantity attributed to him under the Sentencing Guidelines. This argument does not provide a basis for relief. The district court, at Velazco Larios's request and for his benefit, exercised its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary downward based on a policy disagreement with the methamphetamine guideline. Therefore, the district court's reasoning that he seeks to challenge was meant to and did inure to his benefit. Accordingly, there is no apparent basis for him to dispute the reasoning on appeal.

Finally, Velazco Larios contends that the sentence was substantively unreasonable because the district court opted to vary downward in part to prevent a sentencing disparity between him and a codefendant. The record reflects that the district court's sentencing decision appropriately relied on the conclusion that Velazco Larios was not as culpable as his codefendant and should receive a less severe sentence because he was not similarly situated to him. *See* 18 U.S.C. § 3553(a)(6); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). He has not shown that the district court's position that he should be sentenced below his codefendant's sentence caused him to receive a harsher sentence than similarly situated defendants nationwide, *see United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006), and his disagreement with his below-Guidelines sentence is insufficient to rebut the presumption of reasonableness that applies to it, *see United States v. Barton*, 879 F.3d 595, 602 (5th Cir. 2018); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.