# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50509

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JAYDAN DEAN,

      Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas

Before OWEN, Chief Judge, and JONES and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Jaydan Dean appeals his sentence, arguing that the district court abused its discretion by imposing a search condition as a special condition of his supervised release. For the following reasons, we affirm the judgment of the district court.

## I.    BACKGROUND

Dean pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The U.S. Probation Office created a Presentence Report (PSR) detailing Dean's criminal history. Based on his past convictions, the report calculated a criminal history category of VI and an offense level of 12. Consistent with the recommendations of the PSR and within the Guidelines' range, the district court sentenced him to 37 months of

No. 18-50509

imprisonment and a three-year term of supervised release. In addition to the mandatory and standard conditions of supervision, the district court, again adopting the recommendation of the PSR, imposed the following special search condition:

> The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

The parties were given the PSR nearly two months before sentencing, but neither party filed an objection to the report. Dean's counsel confirmed that he had reviewed the report with Dean and had no objection to the report at the sentencing hearing, after which the district court adopted the report and imposed the search condition. Dean raised no objection when the court imposed the condition.

Dean now appeals the special search condition.

## II.     DISCUSSION

Under 18 U.S.C. § 3583(d), a district "court may order, as a further condition of supervised release, . . . any condition set forth as a discretionary condition of probation in [18 U.S.C. § 3563(b)] and any other condition it considers to be appropriate." Dean challenges the search condition on the grounds that it is not reasonably related to the 18 U.S.C. § 3553(a) factors, lacks a factual basis, and is not narrowly tailored to ensure the least

deprivation of liberty necessary.  He argues his claim should be reviewed for an abuse of discretion because he had no meaningful opportunity to object and, alternately, that he can meet the plain error standard if it applies.  The Government counters that Dean's appeal should be reviewed for plain error, but under either standard, his claim is unavailing.  We agree with the Government that Dean's appeal should be reviewed for plain error.  Dean's challenge to the special condition of supervised release does not satisfy that standard.

When the defendant objects at sentencing to a special condition of supervised release, this court reviews for an abuse of discretion.  *United States v. Woods*, 547 F.3d 515, 517 (5th Cir. 2008) (per curiam).  Absent an objection, "this court reviews for plain error only."  *United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010).

Dean does not dispute that he failed to raise an objection to the special condition during sentencing, but he claims he lacked a "meaningful opportunity to object."  When a defendant has not been provided a meaningful opportunity to object, this Court reviews sentencing for an abuse of discretion.  *See United States v. Rivas-Estrada*, 906 F.3d 346, 348-50 (5th Cir. 2018).  *Rivas-Estrada* reasoned that the purpose behind the "opportunity to object" is "to give fair notice."  *Id*. at 349.  Dean had ample notice.  The record shows that Dean received a copy of the PSR over a month before sentencing but filed no objection.  At the sentencing hearing, the district court orally confirmed that Dean's attorney reviewed the report with him and asked if there were objections.  None were raised.  Then the court explicitly stated, "Additionally, the defendant shall submit to the search condition of the district."  Still there was no objection.  Because Dean had notice of the conditions and "an opportunity to contest [the] conditions at the sentencing hearing," his claim is

reviewed for plain error. *United States v. Rouland*, 726 F.3d 728, 733-34 (5th Cir. 2013).

Under the plain error standard, Dean "must show 1) an error; 2) that is clear or obvious 3) that affects substantial rights and 4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017) (internal quotation marks and citation omitted).

District courts have "wide discretion in imposing terms and conditions of supervised release." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). The court may impose any condition it deems appropriate, provided the condition is reasonably related to at least one of four factors: "(1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant." *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. § 3583(d)(1), § 3553(a)(1), (2)(B)-(D)). Additionally, "the condition must be narrowly tailored such that it does not involve a greater deprivation of liberty than is reasonably necessary to fulfill the purposes set forth in" § 3553(a). *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016) (internal quotation marks and citation omitted).

Dean argues that the special search condition was not supported by the record or narrowly tailored to him individually; that is, the error was plain and affected his substantial rights. The district court must "set forth factual findings to justify special probation conditions" in terms of the 18 U.S.C. § 3553(a) factors. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). But "[i]n the absence of a factual finding, a court of appeals may nevertheless

affirm a special condition 'where the [district] court's reasoning can be inferred after an examination of the record.'" *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (quoting *Salazar*, 743 F.3d at 451).

Here, the record sufficiently supports the special search condition. Not only did the district court expressly adopt the findings of the PSR—which included Dean's extensive criminal history ranging from drug possession to burglary to firearm possession—but also the condition is a mechanism for enforcing other conditions prohibiting Dean's possession of drugs or firearms by facilitating the detection of evidence of other supervised release violations. The reasonableness of this condition is further evident from the very background of Dean's appeal, which stems from a crime he committed while on parole. Nor can Dean show that the district court's failure to state reasons substantially affected his rights because "he fail[ed] to show that an explanation would have changed his sentence." *United States v. Tang*, 718 F.3d 476, 483 (5th Cir. 2013).

We also reject Dean's argument that the warrantless search condition is not narrowly tailored. In a recent unpublished opinion, this court reviewed a similar search provision for abuse of discretion and found that it, too, was justified. *See United States v. Acosta-Navarro*, No. 18-60564, 2019 WL 3058607 (5th Cir. Jul. 11, 2019). In that case, the district court imposed a special condition requiring the defendant to "submit his property, including his electronic communications devices to a search by a probation officer if the officer has a reasonable suspicion that [the defendant] has violated a condition of his supervision." *Id.* at *1 (quotation marks omitted). We held that even though nothing in the record indicated the defendant used electronic devices to commit his offenses, "the condition is reasonably related to the sentencing goals of deterring future criminal conduct and protecting the public from [the

No. 18-50509

defendant's] future crimes." *Id.* at \*4; *see also United States v. Balla*, 769 F. App'x 127, 128-29 (5th Cir. 2019) (per curiam) (unpublished) (affirming electronics-search condition for defendant convicted of being a felon in possession of a firearm and ammunition because defendant's criminal history and sentencing goal of deterring future criminal conduct and protecting the public justified the special condition).  Given Dean's criminal history, which is considerably more extensive than the defendant's in *Acosta-Navarro*, and the district court's expressed concern that someone so young could have such a high criminal history category, we find the condition is both reasonably related to the § 3553(a) factors and narrowly tailored.  As in *Acosta-Navarro*, Dean will be subject to the search condition only if the probation officer reasonably suspects Dean has violated a condition of supervision, and any search may be conducted only "at a reasonable time and in a reasonable manner."  In this case, the condition further requires that the probation officer must reasonably suspect that the areas to be searched contain evidence of the violation.  And any search may be conducted only "at a reasonable time and in a reasonable manner."  In light of Dean's criminal history, the "possibility of intermittent searches" is not "too much of a burden on [his] already reduced liberty interest."  *Acosta-Navarro*, 2019 WL 3058607, at \*5 (citing *United States v. Hathorn*, 920 F.3d 982, 986 (5th Cir. 2019)).

Having concluded that there is no clear error adversely impacting Dean's substantial rights, we do not need to consider what the effect on the fairness, integrity, or public reputation of judicial proceedings would be.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court imposing the special search condition of supervised release.