# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2021

Lyle W. Cayce
Clerk

No. 18-11577

United States of America,

*Plaintiff—Appellee*,

*versus*

Phillip Shawn Horton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:18-CR-22-2

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Dennis, Graves, and Willett, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

In light of the Supreme Court's decision, we consider anew the validity of the sentence imposed on Phillip Shawn Horton following his guilty plea conviction for possession with intent to distribute 500 grams or more of methamphetamine. When Horton first appealed, he argued that the district court erred in failing to treat his prior and pending state charges as relevant conduct and failing to adequately explain its decision to impose the sentence.

No. 18-11577

We affirmed the sentence and held that, relying upon *United States v. Lopez*, 923 F.2d 47 (5th Cir. 1991), Horton's arguments pertaining to the district court's failure to consider relevant conduct underlying Horton's state convictions were not developed in the district court, so they could not constitute plain error. We also held that the district court adequately explained its decision to impose the sentence.

The Supreme Court vacated our decision and remanded for further consideration in light of *Davis v. United States*, 140 S. Ct. 1060, 1061 (2020), which requires that unpreserved claims of factual error be reviewed under the full plain error test. Because Horton does not show that the district court committed a clear or obvious error, we again affirm.

## I. Background

Horton pleaded guilty for possession with intent to distribute 500 grams or more of methamphetamine after an investigation into the drug trafficking activities of Gilbert Martinez, who was responsible for distributing large quantities of methamphetamine in the San Angelo, Texas area. During the course of the investigation, Horton was identified as a courier for Martinez. On or about February 8, 2017, Horton was later pulled over by officers who seized a firearm and five bags of methamphetamine totaling 1,942 grams from Horton's vehicle. Horton later divulged that he made at least three other trips for Martinez, but Horton was not formally charged for the trips and the presentence investigation report (PSR) counted them as "relevant conduct." The probation officer calculated Horton's total offense level at 35 based on the quantity of drugs noted above. Horton received a total of five criminal history points, based on state offenses for possession of a controlled substance, terroristic threats, and possession of drug paraphernalia, establishing a criminal history category of III. Accordingly, his guidelines sentencing range was 210 to 262 months of imprisonment. The

No. 18-11577

PSR also expressly noted that the pending state charges in Green County, Texas, were "unrelated to the instant offense" and that the "court may impose the sentences to be served consecutive to the instant offense." Horton and the government filed statements adopting the presentence report.

At the sentencing hearing, the district court adopted the PSR's factual findings, background data, and guidelines calculations as its own. On the government's motion, the district court dismissed Horton's conspiracy count listed in the indictment and proceeded to sentencing on Horton's possession count.[1] After the court asked if the defense had any evidence or argument, Horton requested a sentence at the bottom of the guidelines range based on his role in the offense, noting that the facts in the PSR indicated that he "was essentially a mule" or "gofer" for codefendant Martinez's drug enterprise. Horton also asked the district court to consider running the instant sentence concurrently with a state sentence that he was serving at the time as a result of revocation of supervision for a controlled substance offense. Horton made this request because the instant offense "occurred essentially at the same time as the violations that led to the revocation of supervision . . . and the imposition of that [state] sentence." Horton also requested a facility placement and participation in a substance abuse program.

---

[1] The indictment against Horton included two counts. Count One listed, along with Horton's co-defendants Gilbert Martinez and Dora Elia Gaona, the offense of "conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine." Count Two listed the offense of "possession with intent to distribute 500 grams or more of methamphetamine." At Horton's sentencing, the government asked the court to dismiss Count One (conspiracy) and proceed with sentencing on Count Two (possession). The court granted the motion to proceed on Count Two only.

No. 18-11577

Without commenting on Horton's requests, the district court asked if Horton would like to make a statement. Horton declined. The district court sentenced Horton to 262 months of imprisonment and five years of supervised release with special conditions. The district court did not run the instant sentence concurrently with any anticipated sentence imposed in Horton's four pending state charges. The district court stated on the record its reasons for imposing the sentence as "address[ing] the objectives of punishment and deterrence" and the supervised release as necessary for Horton to re-assimilate back into society. After announcing that Horton had the right to appeal, the district court stated, "You may now stand aside." Horton filed a timely notice of appeal.

## II. Legal Analysis

Horton re-urges the same arguments as before the remand. There are two categories of arguments: one based on the district court's failure to consider relevant conduct in Horton's state convictions, and the other based on the district court's procedural errors.

With respect to relevant conduct, Horton argues that the district court erred in failing to consider two prior state convictions as relevant conduct to the instant offense when assessing criminal history points under U.S.S.G. §§ 4A1.1 and 4A1.2; not ordering his sentence to run concurrently with his undischarged state sentence under U.S.S.G. § 5G1.3(b)(2); and not adjusting his sentence for time already served on his undischarged state sentence pursuant to U.S.S.G. § 5G1.3(b)(1). He also maintains that the district court erred in declining to impose a concurrent sentence with anticipated state sentences based on relevant conduct pursuant to U.S.S.G. § 5G1.3(c).

With respect to procedural errors, Horton argues that the district court erred in failing to explain its decision to run the sentence consecutively to the undischarged state and anticipated state sentences based on relevant

conduct. He also contends that his sentence was unreasonable because the district court failed to consider factors in 18 U.S.C. § 3583(c) for a term of supervised release. Finally, Horton maintains that the district court failed to adequately explain pursuant to 18 U.S.C. § 3553(c)(1) its reason for imposing the particular sentence.

## A. Relevant Conduct Claims

On appeal, Horton raises for the first time fact questions pertaining to whether the conduct underlying his state offenses was sufficiently connected or related to the underlying offense to qualify as relevant conduct under U.S.S.G. § 1B1.3. *See United States v. Nevels*, 160 F.3d 226, 229 (5th Cir. 1998) ("The district court's determination of what constitutes relevant conduct for sentencing purposes is a factual finding."). In light of *Davis*, we must review unpreserved factual arguments for plain error under Federal Rule of Criminal Procedure 52(b). 140 S. Ct. at 1061. Plain error exists "when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 454 (5th Cir. 2005). A factual finding "is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009). Even then, the court may exercise its "discretion to notice a forfeited error . . . only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Garcia-Rodriguez*, 415 F.3d at 454 (internal quotation marks and citations omitted).

Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, included, procured, or willfully caused by the defendant . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A), (a)(2). Two or more offenses may constitute part of a common scheme or

plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." § 1B1.3, cmt. (n.5(B)(i)). Offenses that do not qualify as a common scheme or plan may be considered part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." § 1B1.3, cmt. (n.5(B)(ii)). Relevant factors include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." § 1B1.3, cmt. (n.5(B)(ii)).

As a threshold matter, we address whether the district court even made factual findings regarding the state offenses. We "have allowed the district court to make implicit findings by adopting the PSR," where "the findings in the PSR are so clear that the reviewing court is not left to 'second-guess' the basis for the sentencing decision." *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994). Here, the PSR made a finding that the pending state charges were not related to the instant offense, which Horton does not dispute. The PSR also made clear that the prior state offenses were not relevant conduct by counting them for purposes of calculating the criminal history score. *See* U.S.S.G. § 4A1.2, cmt. (n.1). Accordingly, we conclude that the district court made the implicit factual finding that the underlying conduct of Horton's state offenses did not qualify as relevant conduct.

Horton argues that the relevant conduct to the instant offense should have included his two prior state convictions, which were (1) possession of approximately 6.3 grams of methamphetamine, for which he was arrested on January 19, 2017 and sentenced to six years of imprisonment on May 8, 2018 as a result of revocation of supervision for a controlled substance offense; and (2) possession of drug paraphernalia, for which he was arrested on October

No. 18-11577

30, 2017. He contends that the underlying conduct of these convictions was part of regular and repetitive conduct as the instant offense and was similar and in close temporal proximity to it as well. *See* § 1B1.3, cmt. (n.5(B)(ii)). While Horton correctly points out that the first offense was committed only a few weeks before the federal offense, the state offense involved a substantially smaller quantity of drugs in a very different context—the underlying conduct of the federal offense encompassed Horton's participation in drug trafficking activities for Martinez and transportation of large amounts of methamphetamine between Arizona and Texas,[2] whereas with respect to the state offense, Horton was arrested for a much smaller, and likely personal,[3] amount of methamphetamine after police searched his person due to his erratic behavior at a Walmart store. Further, the connection between his second state conviction and the federal offense is even more attenuated. The underlying conduct of the federal offense was part of a series of trips from October 2016 to February 2017 to procure large amounts of methamphetamine for Martinez, whereas the drug paraphernalia possession offense stemmed from a traffic stop in October 2017 during which no drugs were found. Because the district court's implicit finding that these two state offenses were not relevant to the federal offense is plausible in light of the record as a whole, Horton's arguments related to his prior state convictions must fail.

---

[2] According to the PSR, Horton reported several trips to Arizona to procure the following amounts of methamphetamine for Martinez: (1) 12 pounds; (2) 15 pounds; (3) 5 bundles, or 5 pounds; and (4) 12 pounds. The PSR further stated that "Horton is responsible for 19,958.40 grams [approximately 44 pounds] of methamphetamine and 1,942 grams of "Ice" [d-methamphetamine hydrochloride, with a purity level of 96%]."

[3] Horton admitted to regular use of methamphetamine and that he used methamphetamine weekly from December 2016 to December 2017.

No. 18-11577

Additionally, Horton asserts that the relevant conduct to the instant offense should have included his two anticipated state charges, which were (1) unlawful carrying of a weapon, for which he was arrested on April 25, 2017; and (2) manufacture/delivery of methamphetamine, for which he was arrested on December 5, 2017. The weapon charge arose from a traffic stop, during which a search of his person revealed 51 grams of methamphetamine, a glass pipe containing residue, and a firearm. The drug charge arose from an incident in December 2017, during which Horton was stopped for having an outstanding arrest warrant and a search of his vehicle revealed, *inter alia*, a pipe containing white residue and 8.6 grams of methamphetamine that Horton claimed belonged to him. Though a closer call, the district court's implicit finding that the pending state charges were not relevant to the federal offense is also plausible in light of the record as a whole. The pending state charges involved relatively small amounts of methamphetamine (51 grams, or approximately 0.11 pounds) compared to the substantial amounts transported by Horton from October 2016 to February 2017 (ranging from 5 to 15 pounds). The record also suggests that at least some of the methamphetamine involved in the pending state offenses was for Horton's personal use. Accordingly, Horton's argument that the district court erred in declining to concurrently run his sentence with the anticipated state sentences fails as well.

## B. Procedural Claims

Horton also raises procedural arguments regarding the district court's failure to consider all of the sentencing factors and to adequately explain its rationale in imposing the sentence. We again reject these challenges.

First, Horton argues that the district court erred by failing to explain its decision to deny his request to run his federal sentence concurrently with the undischarged state sentence. We review the district court's

interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Lawrence*, 920 F.3d 331, 334 (5th Cir. 2019). At sentencing, Horton referred to a temporal connection between the offenses, which, without more, is insufficient to establish a relevant conduct determination. *Cf. United States v. Ortiz*, 613 F.3d 550, 558 (5th Cir. 2010) (finding no "distinctive similarities" or "common accomplices, suppliers, or buyers between the two offenses" even though the defendant's two drug offenses occurred in the same building). Similarly, Horton failed to establish a "regularity" of the offense because the first state offense involved a "relatively small amount" of methamphetamine whereas the federal offense involved "massive quantities of the drug." *Id*. at 558–59. Given the absence of elaboration on the relevant conduct, either by Horton or in the PSR, the district court could have reasonably concluded that Horton's request that it "consider running" the sentence concurrently with his state sentence implicated the policy statement of § 5G1.3(d), which provides in relevant part that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged" sentence. *See also* U.S.S.G. § 5G1.3(b), cmt. (n.2(D)) (providing an example of imposing a concurrent sentence when the state offense involved the sale of 25 grams of cocaine and the federal offense involved the sale of 90 grams of cocaine). Accordingly, a finding of clear error is precluded because we lack a "definite and firm conviction that a mistake has been committed." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

As to the remaining procedural claims, Horton concedes that he did not object to the adequacy of the explanation in the district court, but he contends that his failure to do so should not result in plain error review because, after pronouncing the sentence, the district court told the parties,

No. 18-11577

"you may stand aside," and, thus, Horton did not have a reasonable opportunity to object. Indeed, we have found that requiring a formal objection can be futile where the district court was openly hostile towards a party and continuously interrupted its attempts to formally object. *United States v. Castillo*, 430 F.3d 230, 243 (5th Cir. 2005). However, as the government notes, we have addressed the same "stand aside" comments before in *United States v. Morales*, 299 F. App'x 455, 457 (5th Cir. 2008). There, the defendant's claim was subject to plain error review because the sentence was imposed in open court, his counsel was present, and the court never expressed "anger, hostility, or unwillingness to consider a proper objection." *Id.* (emphasis added). Nothing in the record reflects that the district court gave Horton, or indeed anyone, the impression that a request for further explanation of the sentence would not be entertained or that any objection on that basis would have been futile. Accordingly, we apply plain error review.

Horton argues the district court plainly erred by failing to explain its decision to run his federal sentence consecutively to his anticipated state sentences for unlawfully carrying a weapon and manufacturing/delivering methamphetamine. Even assuming the district court's failure to state the reasons for running the sentence consecutively was an error that was clear or obvious, Horton has not shown that the error affected his substantial rights. Horton's failure-to-explain claim rests on the premise that the state offenses were relevant conduct and should therefore run concurrently with the sentence pursuant to U.S.S.G. § 5G1.3(b). We have already rejected his relevant-conduct argument, so the district court was not required to impose a concurrent sentence here. *See Setser v. United States*, 566 U.S. 231, 244 (2012) (holding that the district court has discretion to order a consecutive sentence to an anticipated state sentence). Further, the court was within its discretion to impose a consecutive sentence given Horton's criminal history.

*See United States v. Izaguirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000) (affirming sentence, even though the district court failed to articulate precise reasons for imposing a consecutive sentence, due to defendant's extensive criminal history). As such, the sentence imposed was supported by the record and not contrary to law. The district court's alleged failure to articulate precise reasons for imposing a consecutive sentence did not impair Horton's substantial rights.

Next, Horton contends that the district court plainly erred in failing to articulate its consideration of 18 U.S.C. § 3553(a) factors for terms of supervised release. *See* § 18 U.S.C. 3583(c). Horton does not challenge a specific condition even though the district court imposed several conditions, including abstention from certain drugs, participation in a drug dependence treatment program, and participation in a mental health treatment program. Although district courts have "wide discretion in imposing terms and conditions of supervised release," *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001), the district court must "set forth factual findings to justify special probation conditions" in terms of the 18 U.S.C. § 3553(a) factors. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). The district court here stated that imposing the special conditions was necessary to help Horton with reassimilation, obtaining suitable employment, and maintaining a law-abiding lifestyle. Accordingly, "the record sufficiently supports the special . . . condition[s] imposed." *United States v. Dean*, 940 F.3d 888, 891 (5th Cir. 2019). Horton also has failed to establish the third prong of plain error because "he fail[ed] to show that an [additional] explanation would have changed his sentence." *United States v. Tang*, 718 F.3d 476, 483 (5th Cir. 2013).

Finally, Horton maintains that the district court plainly erred in failing to explain its decision to impose the maximum 262-month sentence of the guidelines range. Because Horton's guideline range exceeds 24 months, he

maintains that the district court failed to state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). At sentencing, Horton argued for a sentence at the bottom of the guidelines range based on his role as a "mule" for Martinez's drug enterprise. However, the record establishes that the district court stated specific reasons to impose the sentence, namely to "adequately address the sentencing objectives of punishment and deterrence." *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (holding district court need not engage in a "checklist recitation of the [§] 3553(a) factors"). "When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (noting that the judge should "carefully articulate the reasons" when imposing a non-guideline sentence). The sentencing transcript reveals that the court based its sentencing decision on the facts presented in the PSR and the 3553(a) factors. Horton fails to satisfy the third prong of the plain error analysis because he does not explain how the district court's further elaboration would have resulted in a shorter sentence. *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012) (noting that the defendant "bears the burden of showing with a reasonable probability that, but for the error, he would have received a lesser sentence").

## III. Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.