# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2021

Lyle W. Cayce
Clerk

No. 17-50919
CONSOLIDATED WITH
No. 20-50669

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCO ANTONIO DELGADO,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-cr-370-1

Before JOLLY, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Marco Antonio Delgado was convicted of three counts of wire fraud in violation of 18 U.S.C. § 1343, seven counts of money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i), and nine counts of engaging in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. Delgado presents three challenges to his conviction and sentence. We consider and reject each in turn.

Delgado first challenges the district court's admission of testimony by Mace Miller, who is an attorney and Delgado's former colleague. We review this issue for abuse of discretion. *United States v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006). Delgado claims that because Miller was only designated as a lay witness, he could not opine as an expert on the application of Mexican law to Delgado's power of attorney. But it was Delgado's counsel—not the Government—that "opened up" this issue during direct examination. *United States v. Wilson*, 439 F.2d 1081, 1082 (5th Cir. 1971) (per curiam). Only on cross-examination did the Government clarify Miller's interpretation as it related to Delgado's authority to wire company funds to his own offshore account. Because it was his own counsel who invited this testimony, Delgado cannot now claim prejudice. *See id.* ("A defendant may not complain on appeal that he was prejudiced by evidence relating to a subject which he opened up at trial."); *see also United States v. Carey*, 589 F.3d 187, 193–94 (5th Cir. 2009) (collecting cases "identif[ying] circumstances where, because an inquiry during cross-examination calls for rebuttal during redirect, no error can be predicated on the latter"). The district court's decision to admit all of Miller's testimony regarding his understanding of Mexican law and the power of attorney was therefore not an abuse of discretion.

Second, Delgado argues that the district court lacked jurisdiction over his case because the Government did not allege in the indictment nor prove at trial that Delgado transferred funds through interstate commerce. *Cf. United States v. Montford*, 27 F.3d 137, 138 (5th Cir. 1994) (holding the interstate-or-foreign-commerce element of a Travel Act, 18 U.S.C. § 1952, violation is jurisdictional). We review this issue *de novo*. *See United States v.*

*Ganji*, 880 F.3d 760, 767 (5th Cir. 2018) ("When a defendant moves for acquittal in the district court, challenging the sufficiency of the evidence, this Court reviews the district court's denial de novo."). The term "foreign commerce" includes commerce between the United States and a foreign country. *See* 18 U.S.C. § 10; *United States v. De La Rosa*, 911 F.2d 985, 990 (5th Cir. 1990). Both the indictment and the evidence showed such an exchange. Counts One and Two of the indictment charged Delgado with "knowingly transmit[ting] and caus[ing] to be transmitted, by means of wire, radio or television communications *in interstate or foreign commerce*, writings, signs, signals, pictures and sounds; to-wit: wire transfers" in violation of 18 U.S.C. § 1343. (Emphasis added.) And the evidence provided more detail: The funds were transferred from Banco Nacional De Comercio Exterior in Mexico, to Standard Chartered Bank in New York, to Wachovia Bank in New York, and finally to FirstCarribean International Bank in Turks and Caicos. Thus, the district court did not err by concluding the funds were transmitted in foreign commerce.

Finally, Delgado challenges the district court's explanation for making half of his 120-month sentence consecutive to the 192-month sentence he received for a prior unrelated offense. Because Delgado did not raise this argument during sentencing, our review is for plain error. *See United States v. del Carpio Frescas*, 932 F.3d 324, 332 (5th Cir. 2019) (per curiam). During sentencing, a district court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). But § 3553 does not "insist[] upon a full opinion in every case." *Rita v. United States*, 551 U.S. 338, 356 (2007). When beginning Delgado's sentencing hearing, the district court acknowledged its "duty to consider in sentencing [Delgado's] individual history and characteristics and the nature and circumstances of this case as well as other factors set forth" in § 3553(a). And after hearing the statements of two impacted victims along with arguments from each party,

the district court determined that a partially consecutive, below-Guidelines sentence would be "sufficient to address the significant issues that [Delgado] was involved in, especially in relation to the other case, but also in relation to this case." This explanation was likely sufficient to satisfy § 3553's requirements. But even assuming there was an error, it was certainly not plain. We have repeatedly held a district court does not plainly err when it "fail[s] to articulate precise reasons for imposing a consecutive [within-Guidelines] sentence." *United States v. Horton*, 993 F.3d 370, 378 (5th Cir. 2021). So, *a fortiori*, we cannot find plain error where a district judge varies downward.

Each challenge to Delgado's conviction and sentence fails. We therefore AFFIRM.