# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2022

Lyle W. Cayce
Clerk

No. 21-40273
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Trevino-Mendoza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7-19-CR-1501-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Roberto Trevino-Mendoza was sentenced to a total of 262 months in prison and five years of supervised release after he pleaded guilty to felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and conspiracy to possess with intent to distribute 500 grams or more of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40273

methamphetamine in violation of 21 U.S.C. §§ 846 and 841.  On appeal, he argues that the district court erred in applying a U.S.S.G. § 4B1.1 career offender enhancement when calculating his guidelines range because the presentence report (PSR) did not include information confirming that he was the person who was convicted in Starr County, Texas in 2000 of aggravated robbery.  Alternatively, he argues that the information in the PSR was inadequate to establish that the 2000 Starr County conviction was a qualifying predicate offense because it did not show that he was incarcerated for that offense within 15 years of the commencement of the instant controlled substance offense as required by U.S.S.G. § 4A1.2(e)(1).

As Trevino-Mendoza raised no objections to the PSR, our review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To establish plain error, Trevino-Mendoza must show a forfeited error that is clear or obvious, rather than subject to reasonable debate, and that affects his substantial rights.  *Puckett*, 556 U.S. at 135.  If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett*, 556 U.S. at 135.  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole."  *United States v. Horton*, 993 F.3d 370, 375 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 142 S. Ct. 382 (2021).

The PSR and state court records indicated that "Roberto Trevino" was convicted of aggravated robbery in Starr County in 2000, and the PSR indicated that one of Trevino-Mendoza's aliases was Roberto Trevino.  Further, the district court could plausibly infer from the record as a whole that Trevino-Mendoza was still incarcerated for the Starr County offense within 15 years of the commencement of the instant controlled substance offense as required by § 4A.1.2(e)(1) because the PSR and state court records indicated he was sentenced in 2000 to 10 years in prison for the Starr County

2

conviction, his sentence for the Starr County conviction therefore would have expired around 2010, and the PSR indicated that his offense conduct for the controlled substance offense began at the latest in 2019.

Accordingly, based upon the record as a whole, the district court did not clearly or obviously err in concluding that Trevino-Martinez was convicted in Starr County in 2000 of aggravated robbery and that he was incarcerated for that conviction at some point during the 15 years preceding the instant controlled substance offense. *See Horton*, 993 F.3d at 375; *Puckett*, 556 U.S. at 135. The district court's judgment is AFFIRMED.