# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2022

Lyle W. Cayce
Clerk

No. 21-50809
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIELLE ELYCE RANDOLPH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-68-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Danielle Elyce Randolph pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, she challenges the procedural and substantive reasonableness of a special condition of supervised release allowing searches of her person and property.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50809

Because the search condition at issue was set out in the presentence report (PSR) and referenced at sentencing, but Randolph did not object, we review for plain error. *See United States v. Dean*, 940 F.3d 888, 890-91 (5th Cir. 2019). To show plain error, Randolph must show (1) an error (2) that is clear or obvious and (3) that affected her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Randolph first argues that the district court procedurally erred by failing to explain why it imposed this condition. A district court abuses its discretion by not explaining how a special condition is reasonably related to the relevant statutory factors. *See United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). If a district court fails to set forth its reasons for imposing a special condition, "a court of appeals may nevertheless affirm . . . where the district court's reasoning can be inferred after an examination of the record." *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks, brackets, and citation omitted).

Because neither the district court nor the PSR provided reasons, we must determine if we can infer the district court's reasoning. *See Caravayo*, 809 F.3d at 275. The PSR indicated that Randolph has an extensive criminal record, including two convictions for theft, five convictions for drug possession, one conviction for aiding and abetting possession with intent to distribute crack cocaine, and one conviction for assault. In addition, at the time she committed the instant offense, Randolph was on supervised release. Thus, we infer that the district court found that the search condition would be a "mechanism for enforcing other conditions prohibiting [Randolph's] possession of drugs or firearms by facilitating the detection of evidence of other supervised release violations." *Dean*, 940 F.3d at 891. In addition, in light of her criminal history and her previous violations of the terms of her

supervised release, Randolph has not shown an effect on her substantial rights because she has not shown that an explanation would have changed the sentence imposed. *See id.*

Randolph also argues this search condition is substantively unreasonable because the need for it was not supported by the evidence, it is overbroad, and it is a greater-than-necessary deprivation of her right to be free from unreasonable searches. A district court may impose any condition of supervision that it deems appropriate as long as the condition is reasonably related to at least one of the relevant statutory factors. *See United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009); 18 U.S.C. § 3583(d)(1); 18 U.S.C. § 3553(a)(1), (2)(B)-(D). The condition also "must be narrowly tailored such that it does not involve a greater deprivation of liberty than is reasonably necessary to fulfill the purposes set forth in . . . § 3553(a)." *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016) (internal quotation marks and citation omitted); *see* § 3583(d)(2).

Again, because Randolph has an extensive criminal record, and she previously violated the terms of her supervised release, we conclude that the need for this search condition is supported by the record and it is not overbroad. *See Dean*, 940 F.3d at 891. We also have previously concluded that this condition is narrowly tailored because it contains limitations on a probation officer's authority to conduct searches. *See id.* at 892. In light of Randolph's criminal history, the "possibility of intermittent searches is not too much of a burden on [her] already reduced liberty interest." *Id.* (internal quotation marks and citation omitted).

For the reasons discussed above, Randolph has not shown that the district court plainly erred by imposing this search condition. Therefore, the judgment of the district court is AFFIRMED.