# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2022

Lyle W. Cayce
Clerk

No. 21-20270

United States of America,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

Brenda Rodriguez,

*Defendant—Appellant/Cross-Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-222

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:*

After a two-day jury trial, Brenda Rodriguez was convicted on one count of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and three counts of aiding and abetting healthcare fraud, in violation of 18 U.S.C. §§ 1347 and 2. Rodriguez contends that the evidence presented at

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

trial cannot sustain her conviction on each count, and she challenges the legality of her 300-month sentence.

"Our sufficiency review is highly deferential to the jury's verdict. We will reverse only if no rational jury could have found [Rodriguez] guilty beyond a reasonable doubt." *United States v. Mesquias*, 29 F.4th 276, 279 (5th Cir. 2022). Accordingly, we must "accept any reasonable inferences that support the verdict and resolve any conflict in the evidence in favor of it." *United States v. Sanders*, 952 F.3d 263, 273 (5th Cir. 2020).

We affirm Rodriguez's conviction on all counts. Rodriguez owned and operated QC Medical Clinic. She conspired with Dr. John Ramirez—a physician who worked at the clinic—and various home health agencies (HHAs) to fraudulently bill Medicare for home health services that were not properly authorized, not medically necessary, and, in some cases, not even provided. As two insiders testified at trial, Rodriguez herself sold Ramirez's fraudulent home health certifications to HHAs, who in turn used those certifications to bill Medicare. The government also presented evidence that Rodriguez knew HHAs were paying marketers to recruit patients for home health services—a telltale sign of fraud. *United States v. Chikere*, 751 F. App'x 456, 458 (5th Cir. 2018). Rodriguez even promised to show an undercover FBI agent how to make money by recruiting patients.

Based on this evidence, a rational jury could have concluded that Rodriguez knew about and willfully joined the conspiracy to commit healthcare fraud. *See United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) ("Circumstantial evidence may establish the existence of a conspiracy, as well as an individual's voluntary participation in it.") (quotations omitted). And the same evidence is likewise sufficient to sustain Rodriguez's conviction on the three counts of aiding and abetting healthcare fraud.

*Sanders*, 952 F.3d at 278 ("Typically, the same evidence will support both a conspiracy and an aiding and abetting conviction.") (quotations omitted).

We also affirm Rodriguez's 300-month sentence. Rodriguez challenges her sentence on three grounds. First, she claims that the district court committed legal error by sentencing her to consecutive terms. We disagree. Because the statutory maximum for each count of conviction (120 months) is less than the total sentence imposed by the district court (300 months)—which itself is less than the presentence investigation report's (PSR) recommendation—the Sentencing Guidelines called for consecutive sentences. *See* U.S.S.G. § 5G1.2(d).

Second, Rodriguez claims that the district court imposed a procedurally unreasonable sentence by failing to explain its sentence, by ignoring the Sentencing Guidelines, and by applying a two-level abuse-of-trust enhancement. As for her contention that the district court failed to explain its sentence, Rodriguez did not object below, so our review is for plain error. And Rodriguez has not shown that "further elaboration would have resulted in a shorter sentence," as required under plain-error review. *United States v. Horton*, 993 F.3d 370, 379 (5th Cir. 2021). Nor is she correct that the district court ignored the Sentencing Guidelines. The PSR calculated a Guidelines range, and the district court adopted the PSR before departing downward.

Rodriguez objected below to the application of the abuse-of-trust enhancement, and the district court did not affirmatively sustain her objection. Determining whether the enhancement applies requires "a sophisticated factual determination that we review for clear error." *United States v. Miller*, 607 F.3d 144, 147–48 (5th Cir. 2010). "A factual finding is not clearly erroneous as long as the finding is plausible in light of the record as a whole." *United States v. Buck*, 324 F.3d 786, 792 (5th Cir. 2003)

(quotations omitted). We find no clear error in applying the enhancement here. *See United States v. Read*, 710 F.3d 219, 233 (5th Cir. 2012). Although Rodriguez contends that *she* never billed Medicare for health services—and thus was not in a position of trust vis-à-vis the program—the PSR states that QC billed Medicare under the National Provider Identification number of Dr. Ramirez. Rodriguez rejects, but makes no attempt to rebut, the PSR. *See United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009) ("When a district court relies on information in a PSR, the defendant bears the burden of demonstrating that the information is unreliable or untrue.") (quotations omitted).

Finally, Rodriguez claims that the district court imposed a substantively unreasonable sentence. But our review of the substantive reasonableness of a sentence is "highly deferential to the sentencing judge," and "[w]e presume that below-Guidelines sentences are substantively reasonable." *United States v. Gozes-Wagner*, 977 F.3d 323, 343 (5th Cir. 2020) (quotations omitted). Rodriguez has not rebutted that presumption here, because she has not shown that her sentence fails to account for a relevant factor, gives significant weight to an improper factor, or represents a clear error of judgment in balancing the sentencing factors. *Id.* at 343–44.

We now turn to the government's cross-appeal. The government asks us to vacate the district judge's oral order that appears to permanently bar a particular Assistant United States Attorney (AUSA) from appearing in his courtroom. *See Ueckert v. Guerra*, _ F.4th _, No. 22-40263, 2022 WL 2300431, at *2 (5th Cir. Jun. 27, 2022) (recognizing that an oral order can constitute an appealable final judgment).

District courts have "inherent power to issue sanctions against attorneys for bad faith conduct in litigation," but "the threshold for the imposition of such sanctions is high." *Kipps v. Caillier*, 197 F.3d 765, 770 (5th

No. 21-20270

Cir. 1999).  To impose sanctions under its inherent power, "a court must make a specific finding that the attorney acted in bad faith." *Id.* (quotations omitted).  Here, the district judge relied on his inherent power, but he did not make a specific finding that the AUSA acted in bad faith.  The district judge therefore abused his discretion in categorically barring the AUSA from all future proceedings in his courtroom as a sanction.  *See id.*

\* \* \*

We affirm Rodriguez's conviction and sentence, and we vacate the district judge's exclusion order.

No. 21-20270

JAMES C. HO, *Circuit Judge*, concurring:

In a previous appeal in another case, the United States Attorney's Office for the Southern District of Texas brought to our attention certain comments made by a federal district judge. *See United States v. Swenson*, 894 F.3d 677 (5th Cir. 2018). According to the USAO, the district judge belittled a female Assistant United States Attorney based on her sex, stating: "It was lot simpler when you guys wore dark suits, white shirts and navy ties. . . . We didn't let girls do it in the old days." *Id.* at 681. Our court unanimously agreed that "such comments are demeaning, inappropriate, and beneath the dignity of a federal judge." *Id.* at 681 n.3.

Now fast forward to the present case: That same district judge issued a verbal order from the bench, excluding that same AUSA from his courtroom—not only in this case, but in all future cases as well. By all accounts, the district judge issued the order to punish the AUSA for the USAO's appellate briefing in *Swenson*.

The court today vacates that order. I concur.

It is apparent from the transcript of the proceedings that the district judge believes he has been falsely accused of discriminating against the AUSA based on her sex. But be that as it may, it's hard to imagine a less persuasive way for a judge to rebut the charge that he discriminated against a female attorney than by expelling her from his courtroom—not just in one case, but in every case that she may bring for the rest of her career.