# United States Court of Appeals for the Fifth Circuit

No. 22-20539
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfredo Reybollar-Sotomayor,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-206-1

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Alfredo Reybollar-Sotomayor appeals his sentence for illegal reentry. He argues that the district court erred by imposing the conditions of supervised release related to substance abuse because there was no evidence that he actually uses controlled substances, much less abuses them.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20539

Although Reybollar-Sotomayor asserts that our review is for abuse of discretion, defense counsel's arguments in support of a downward departure at sentencing would not have put the district court on notice that he was challenging the conditions of supervised release related to substance abuse. *See United States v. Neal*, 578 F. 3d 270, 272 (5th Cir. 2009). Therefore, our review is for plain error. *See United States v. Dean*, 940 F.3d 888, 890 (5th Cir. 2019).

To establish plain error, Reybollar-Sotomayor must show an error that was clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if we assume for the sake of argument that the district court erred and that the error was clear or obvious, Reybollar-Sotomayor has not attempted to show that the error affects his substantial rights or that it warrants the exercise of our discretion. *See United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013); *United States v. Cacino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013).

AFFIRMED.