# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30354
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rico Deangelo Lawrence,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-219-3

———————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Rico Deangelo Lawrence pleaded guilty to a drug conspiracy offense and was sentenced above the guidelines range to 140 months of imprisonment. Lawrence challenges his sentence in this appeal.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30354

This court employs a two-step process to review a sentence. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). At the first step, this court must ensure that the district court committed no "significant procedural error," such as "selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is "procedurally sound," this court moves to the second step, "reviewing the sentence for substantive reasonableness." *Delgado-Martinez*, 564 F.3d at 752 (internal quotation marks and citation omitted).

Following that process, we first consider Lawrence's argument—sounding in procedural error—that his sentence was based on the district court's erroneous factual determination that Lawrence was a fugitive at the time of his arrest. *See Gall*, 552 U.S. at 51. On plain error review, that argument fails because the district court's fugitive determination was plausible in light of the record as a whole. *See United States v. Horton*, 993 F.3d 370, 375 (5th Cir. 2021).

Lawrence further contends that his sentence was substantively unreasonable. We reject this challenge because Lawrence has not shown that the district court failed to take into account a factor that should have received significant weight, gave weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors. *See United States v. Woods*, 102 F.4th 760, 765 (5th Cir. 2024). Contrary to his assertions, the district court was free to give additional weight to factors, including his repeat offender status, already considered in the calculation of the guidelines range. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). The district court's finding regarding Lawrence's fugitive status was properly considered as part of his history. *See* 18 U.S.C. § 3553(a)(1). Finally, the district court did not abuse its discretion by giving the aggravating factors more weight than the mitigating factors of Lawrence's difficult

2

No. 25-30354

upbringing, addictions, and young age at the time of his prior offenses. *See United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013).

AFFIRMED.